

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-11-2005

# Donaldson v. Mugavero

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1648

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Donaldson v. Mugavero" (2005). *2005 Decisions.* Paper 1453.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1453

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 04-1648
_____

KENNETH DONALDSON

Appellant

v.

SCOTT MUGAVERO

Appellees

_____

Appeal from Opinion and Order entering Summary Judgment for the Defendant in the
United States District Court for the Eastern District of Pennsylvania
(Civil No. 03-1345)
District Judge: Honorable James Knoll Gardner

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 8, 2005

BEFORE: SCIRICA, Chief Judge, and ROTH and VAN ANTWERPEN, Circuit Judges

(Filed: March 11, 2005)
_____

OPINION
_____

VAN ANTWERPEN, Circuit Judge

## I. FACTUAL AND PROCEDURAL HISTORY

Because we write only for the parties, we limit our discussion to those facts pertinent to our decision.  Appellant Kenneth Donaldson was convicted of possession of a controlled substance in the Court of Common Pleas of Lehigh County, Pennsylvania on September 19, 2000.  (Opinion of the District Court Granting Summary Judgment ("Summary Judgment Opinion") at 3.)  On October 31, 2000, he was sentenced to twelve to thirty-six months of incarceration.  (Id.)  In February 2001, the Pennsylvania Board of Probation and Parole approved Donaldson for parole after the expiration of his minimum sentence.  (Id. at 4.)  Donaldson was placed on parole and first met with his parole officer, Appellee Scott Mugavero, on or about September 11, 2001.  (Appellant Brief at 4.)

In the meantime, Donaldson had appealed his conviction to the Pennsylvania Superior Court.  (Summary Judgment Opinion at 3-4.)  On November 13, 2001, the Pennsylvania Superior Court ruled that Donaldson's pretrial suppression motion had been wrongly denied.  Commonwealth v. Donaldson, 786 A.2d 279 (Pa. Super. Ct. 2001).  The court vacated Donaldson's conviction and ordered a new trial.  (Summary Judgment Opinion at 4.)  In November 2001, Donaldson's counsel, Karen Schular, notified Officer Mugavero that the Superior Court had vacated Donaldson's conviction.  (Appellant Brief at 4-5.)  On November 20, 2001, she faxed a copy of the Superior Court decision to Mugavero with a note stating that she did not know whether the District Attorney

would appeal.  (Appellant App. at 18a.)  Mugavero did not hear from Schular again until September 27, 2002.  (Summary Judgment Opinion at 5.)

The Lehigh County District Attorney's Office decided to appeal and filed a petition for allocatur to the Supreme Court of Pennsylvania in December 2001, but on June 19, 2002, the Supreme Court of Pennsylvania denied the petition. Commonwealth. v. Donaldson, 800 A.2d 931 (Pa. Jun 19, 2002).  Despite the Supreme Court's decision, the remand for a new trial remained, and Schular advised Donaldson to continue to report to Mugavero until such time as the charges were declared *nolle prosequi*.  (Summary Judgment Opinion at 6.)  On September 11, 2002, the Lehigh County Court of Common Pleas granted leave to the District Attorney to *nolle prosequi* the charges against the plaintiff; the Order was filed on September 13, 2002.  (Id.)

In mid-September 2002, Donaldson's girlfriend informed Mugavero that Donaldson was working outside the state and that he possessed a cellular telephone.  (Id.)  Citing these technical violations, Mugavero submitted a Delinquency Request Form to the Parole Board on September 18, 2002.  (Id.)  The Parole Board responded on September 19, 2002, by declaring Donaldson delinquent and issuing a Warrant to Commit or Detain.  (Id.)  On the same day, Mugavero and three other parole agents executed the arrest warrant and arrested Donaldson.  (Id. at 7.)

3

On September 27, 2002, Attorney Schular learned of Donaldson's incarceration and immediately notified Mugavero that the charges had been declared *nolle prosequi*. (Id.) Mugavero responded immediately by sending a release order to the Lehigh County Prison and Donaldson was released that day. (Id.)

On February 28, 2003, Donaldson filed a section 1983 action against Mugavero alleging civil liability for unlawful arrest. (Id. 2.) On September 3, 2003, the district court dismissed all claims alleged against Mugavero in his official capacity, but reserved judgment on the claims against Mugavero in his personal capacity. (Id.)

On October 28, 2003, Mugavero filed a motion for summary judgment on the remaining claims, and on December 19, 2003, Donaldson filed a cross-motion for summary judgment. (Id.) The parties agreed that there were no disputed material facts, but disagreed as to whether Mugavero was entitled to qualified immunity. (Id.) On February 26, 2004, the district court concluded that Mugavero was entitled to qualified immunity and granted his motion for summary judgment. (Id. at 10.) Donaldson timely appealed.

## II. STANDARD OF REVIEW

This Court has jurisdiction over final decisions of the district court pursuant to 28 U.S.C. § 1291. Our review over summary judgment motions is plenary, and

we draw all reasonable inferences in favor of the non-moving party.  Torres v. McLaughlin, 163 F.3d 169, 170 (3d Cir. 1998).

### III. ANALYSIS

Parole officers are executive officers charged with carrying out the probation and parole policies of the state.  Harper v. Jeffries, 808 F.2d 281, 284 (3d Cir. 1986).  As a parole officer, Mugavero is entitled to qualified, good-faith immunity "if it is shown that his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id.

Our qualified immunity analysis requires us to ask whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  Saucier v. Katz, 533 U.S. 194, 201 (2001).  If so, we must determine whether that right is clearly established such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202.

Mugavero concedes the first question.  Prior to Donaldson's arrest, the Superior Court vacated Donaldson's conviction and remanded for retrial, the Supreme Court denied the District Attorney's allocatur petition, and the Court of Common Pleas declared a *nolle prosequi*.  Mugavero does not dispute that since there were no active charges, he deprived Donaldson of his Fourth Amendment

5

right to be free from an unlawful seizure, but instead focuses on the second prong of the qualified immunity test. (Appellee Brief at 17.)

## A. Mugavero's Conduct was not Clearly Unreasonable

An officer whose request for a warrant causes an unconstitutional arrest is protected by the shield of immunity unless "the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." Malley v. Briggs, 475 U.S. 335, 344-45 (1986). The evaluation of objective reasonableness is based upon the information possessed by the officer at the time of the illegal conduct. Saucier, 533 U.S. at 207-08. Additionally, "we have generally extended immunity to an officer who makes an arrest based on an objectively reasonable belief that there is a valid warrant. . . . Nevertheless, an apparently valid warrant does not render an officer immune from suit if his reliance on it is unreasonable in light of the relevant circumstances." Berg v. County of Allegheny, 219 F.3d 26, 273 (3d Cir. 2000).

Donaldson does not dispute that the technical parole violations would have been sufficient to justify his arrest had he still been on parole. Instead, he argues that Mugavero was on notice that his conviction was vacated. "From the date of the Superior Court opinion, Plaintiff was no longer under any sentence from the Court; it had been vacated." (Appellant Brief at 11.) Mugavero knew that Donaldson's conviction had been vacated because Donaldson's attorney informed him of the Superior Court's decision in November 2001. (Appellant Brief at 10-

6

11.)  Therefore, Donaldson argues, it was objectively unreasonable for Mugavero to arrest him.

We disagree.  Donaldson's argument is flawed because he overstates the implication of the Superior Court decision at the time it was made.  In December 2001, the Lehigh County District Attorney's Office filed a petition for allocatur to the Supreme Court of Pennsylvania from the Superior Court's November 13, 2001 decision.  "[U]nder Pennsylvania law, the filing of a petition for allowance of appeal by the Commonwealth stayed the effective date of the judgment of the Pennsylvania Superior Court."  Tourscher v. McCullough, 184 F.3d 236, 241 (3d Cir. 1999).  Furthermore, "a duly convicted prisoner continues in that status until his or her appeal becomes final even if it results in a reversal of the conviction." Id. at 240.  As a result of the District Attorney's petition, Donaldson's status did not change until sometime after the Supreme Court denied this petition. Accordingly, notice of the Superior Court decision alone was insufficient to alert Mugavero to the fact that Donaldson's conviction had been finally vacated, especially considering that Donaldson continued to meet with Mugavero as a condition of his parole.

Donaldson's defense attorney never alerted Mugavero to the final disposition of the case, even though she had provided him with a status report earlier.  In addition, the District Attorney and Clerk of Court never informed Mugavero of the final disposition of the case.  Even, the Parole Board gave no

indication to Mugavero that Donaldson was no longer one of his charges, even when Mugavero sought a warrant for Donaldson's arrest. Based on the information he had available to him, we cannot say that Mugavero was unreasonable in believing that he had authority to arrest Donaldson. Under these circumstances, it appears that Mugavero's mistaken belief that he was authorized to arrest Donaldson was reasonable, and therefore he is entitled to qualified immunity. The order of the district court is affirmed.